# EXHIBIT A

IN THE CIRCUIT COURT OF ST. LOUIS CITY

STATE OF MISSOURI

| | |
|---|---|
| IN RE: ) | |
| ) | |
| VICTOR MANUEL RIBAS, ) | |
| ) | Cause No. |
| ) | |
| ) | |
| Plaintiff, ) | Division |
| ) | |
| ) | |
| v. ) | |
| ) | JURY TRIAL DEMANDED |
| ) | |
| MEGAN BESLER, ) | |
| Serve: ) | |
| Megan Besler ) | |
| 6719 Country Hill Road NE, Apt. 1 ) | |
| Cedar Rapids, IA 52402 ) | |
| ) | |
| Defendant. ) | |

## PETITION

COMES NOW, Plaintiff, Victor Manuel Ribas, by and through his undersigned attorneys, and for his Petitioner against Defendant, Megan Besler, states as follows:

### GENERAL ALLEGATIONS

1. Plaintiff, Victor Manuel Ribas ("Plaintiff" or "Mr. Ribas"), is an individual residing in the City of St. Louis, State of Missouri.

2. Defendant, Megan Besler ("Defendant" or "Ms. Besler"), is an individual residing in Cedar Rapids, Linn County, Iowa.

## Factual Background

3.1 Plaintiff has been a registered user of Facebook and Instagram, social media platforms, since approximately 2006 and Tick Tock since approximately 2010.

3.2     At all relevant times, Plaintiff maintained a personal Facebook account, which included private messages, personal posts, and connections with friends and family.

3.3     On or about early 2023, without Plaintiff's knowledge or consent, Defendant obtained access to Plaintiff's Facebook, Instagram, and Tick Tock passwords and accounts.

3.4     From approximately early 2023 to late 2023, Defendant knowingly and intentionally accessed Plaintiff's social media accounts without authorization.

3.5     During this period, Defendant monitored Plaintiff's private messages, posts, and interactions without permission.

3.6     Defendant took the following unauthorized actions on Plaintiff's Facebook account:

   3.6.1   Deleted and blocked dozens of Plaintiff's friends and professional connections.

   3.6.2   Deleted and hid hundreds of posts made by Plaintiff and his friends.

3.7     Plaintiff became aware of Defendant's unauthorized access and actions on or about October 2024.

3.8     Defendant's actions were intentional, willful, and in reckless disregard of Plaintiff's rights.

## **Damages**

4.1     As a direct and proximate result of Defendant's unauthorized access and actions, Plaintiff has suffered:

   4.1.1   Loss of personal data and connections.

   4.1.2   Emotional distress, including anxiety and humiliation.

   4.1.3   Damage to personal and professional relationships.

      4.1.4   Costs associated with securing the Facebook account and restoring deleted content.

## Causes of Action

5.1   Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

5.2   Defendant's actions constitute:

    5.2.1   Invasion of Privacy (Intrusion Upon Seclusion).

    5.2.2   Trespass to Chattels.

    5.2.3   Conversion.

    5.2.4   Intentional Infliction of Emotional Distress.

    5.2.5   Violations under the Missouri Computer Tampering statutes (§ 569.095 et seq.).

## COUNT I – INVASION OF PRIVACY (INTRUSION UPON SECLUSION)

6. Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs 1-5 as though fully set forth herein.

7. Defendant intentionally intruded upon the solitude, seclusion, and private affairs of Plaintiff by accessing Plaintiff's personal Facebook account without authorization.

8. Defendant's unauthorized access included reading private messages, monitoring personal interactions, and manipulating Plaintiff's account by deleting and blocking friends, colleagues, messages and posts.

Electronically Filed - CITY OF ST. LOUIS - February 27, 2025 - 08:56 AM

9. The intrusion by Defendant was substantial, unreasonable, and highly offensive to a reasonable person, constituting an invasion of Plaintiff's privacy rights.

10. Plaintiff had a reasonable expectation of privacy in their personal Facebook account, which contained confidential communications and personal information not intended for public disclosure.

11. As a direct and proximate result of Defendant's invasion of privacy, Plaintiff has suffered and continues to suffer damages, including but not limited to:

   11.1   Emotional distress, anxiety, and humiliation.

   11.2   Loss of personal and professional relationships.

   11.3   Time and expenses incurred to secure the account restore deleted content and repair relationships.

12. Defendant's actions were willful, malicious, and in reckless disregard of Plaintiff's rights, entitling Plaintiff to an award of punitive damages to deter such conduct in the future.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in favor of Plaintiff and against Defendant, awarding the following relief:

A.   Compensatory Damages in an amount to be determined at trial for the harm suffered due to the invasion of privacy in excess of $100,000.00 exclusive of interest and costs.

B.      Punitive Damages sufficient to punish Defendant for their malicious conduct and to deter similar actions in the future.

C.      Injunctive Relief prohibiting Defendant from any further unauthorized access or interference with Plaintiff's personal accounts.

D.      Costs and Expenses incurred in this action, including reasonable attorney's fees as permitted by law.

E.      Pre-judgment and Post-judgment Interest as allowed by law.

F.      Any other relief the Court deems just and proper.

## **COUNT II – TRESPASS TO CHATTELS**

13. Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs 1-15 as though fully set forth herein.

14. Plaintiff had a possessory interest in their personal Facebook and Instagram accounts (hereinafter referred to as "the Chattel"), which constitutes personal property under Missouri law.

15. Defendant, without authorization or consent, intentionally interfered with Plaintiff's use and possession of the Chattel by accessing Plaintiff's Facebook and Instagram accounts.

16. Defendant's interference was deliberate and unauthorized, as evidenced by the following actions:

16.1 Deleting and Blocking Contacts: Defendant removed and blocked several of

Electronically Filed - CITY OF ST. LOUIS - February 27, 2025 - 08:56 AM

Plaintiff's friends and contacts, thereby disrupting Plaintiff's personal and professional relationships.

16.2 Deleting and Hiding Posts: Defendant deleted, altered, and concealed posts made by Plaintiff and Plaintiffs friend and contacts, affecting the integrity and content of the account.

16.3 Unauthorized Monitoring: Defendant monitored Plaintiff's private messages and activities, infringing upon Plaintiff's exclusive control over the Chattel.

17. Defendant's actions directly resulted in the impairment of the condition, quality, and value of the Chattel by:

17.1 Diminishing Personal Connections: The loss of contacts and relationships due to deleted and blocked friends.

17.2 Loss of Personal Content: Irretrievable deletion of posts and messages of significant personal value to Plaintiff.

17.3 Compromising Account Security: Necessitating measures to secure the account against further unauthorized access, causing inconvenience and expense to Plaintiff.

18. As a direct and proximate result of Defendant's trespass to chattels, Plaintiff has suffered and continues to suffer damages, including but not limited to:

18.1 Economic Damages: Costs associated with restoring the account, recovering lost data, and implementing enhanced security measures.

18.2 Emotional Distress: Anxiety, humiliation, and distress caused by the violation of privacy and interference with personal property.

Electronically Filed - CITY OF ST. LOUIS - February 27, 2025 - 08:56 AM

Electronically Filed - CITY OF ST. LOUIS - February 27, 2025 - 08:56 AM

18.3 Loss of Use: Temporary deprivation of full access to and enjoyment of the Facebook account.

19. Defendant's conduct was willful, malicious, and in reckless disregard of Plaintiff's rights, warranting the imposition of punitive damages to deter such egregious behavior in the future.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in favor of Plaintiff and against Defendant, and grant the following relief:

A. Compensatory Damages in an amount to be determined at trial, representing the full extent of the losses suffered by Plaintiff as a result of Defendant's trespass to chattels in excess of $50,000.

B. Punitive Damages sufficient to punish Defendant for the intentional and malicious interference with Plaintiff's property rights and to deter similar misconduct.

C. Injunctive Relief prohibiting Defendant from:

   i. Accessing Plaintiff's Facebook account or any other personal accounts.

   ii. Interfering with Plaintiff's personal property or digital assets in any manner.

D. Prejudgment and Post-judgment Interest as permitted by law, accruing from the date of the initial trespass to the satisfaction of judgment.

E.   Costs of this Action, including reasonable attorney's fees and expenses incurred by Plaintiff in prosecuting this claim.

F.   Any other and further relief that the Court deems just and proper under the circumstances.

## COUNT III – CONVERSION

20. Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs 1-19 as though fully stated herein.

21. Plaintiff had ownership and the right to immediate possession of their personal Facebook and Instagram accounts (hereinafter collectively referred to as "the Digital Properties"), which are valuable digital assets containing personal, professional, and proprietary content.

22. Defendant, without lawful justification or Plaintiff's consent, intentionally exercised dominion and control over the Digital Properties by:

    22.1 Accessing the accounts without authorization.

    22.2 Deleting Content: Permanently removing posts, messages, photographs, and other valuable data belonging to Plaintiff.

    22.3 Blocking Contacts: Preventing Plaintiff's friends, family, and professional contacts from interacting with Plaintiff through the Digital Properties.

23. Defendant's actions amounted to an unlawful conversion by wholly depriving Plaintiff of the use, enjoyment, and value of the Digital Properties for a substantial period.

Electronically Filed - CITY OF ST. LOUIS - February 27, 2025 - 08:56 AM

24. The conduct of Defendant was inconsistent with Plaintiff's rights of possession and ownership, effectively usurping control over the Digital Properties.

25. As a direct and proximate result of Defendant's conversion, Plaintiff has suffered and continues to suffer significant damages, including but not limited to:

    25.1 Economic Losses: Costs related to the value of lost data, and potential revenue from professional engagements facilitated through the accounts.

    25.2 Emotional Distress: Severe anxiety, stress, and emotional anguish resulting from the loss of personal memories, contacts, and disruption of social and professional networks.

    25.3 Reputational Harm: Damage to Plaintiff's personal and professional reputation due to unauthorized posts or absence from platforms relied upon by contacts.

26. Defendant's conversion was willful, malicious, and executed with conscious disregard for Plaintiff's rights, justifying the award of punitive damages to deter such egregious misconduct.

WHEREFORE, Plaintiff respectfully prays that this Honorable Court enter judgment in favor of Plaintiff and against Defendant, granting the following relief:

    A.    Compensatory Damages in an amount to be determined at trial, representing the full extent of the monetary value of the Digital Properties and the losses incurred by Plaintiff due to Defendant's conversion in excess of $75,000.

    B.    Punitive Damages sufficient to punish Defendant for the intentional and malicious deprivation of Plaintiff's property rights and to deter similar conduct in the future.

Electronically Filed - CITY OF ST. LOUIS - February 27, 2025 - 08:56 AM

C. Injunctive Relief ordering Defendant to:

    i. Immediately Cease any and all access to or control over Plaintiff's Facebook and Instagram accounts as well as any other digital assets belonging to Plaintiff that defendant continues to harbor access to.

    ii. Return any data, content, or information taken from the Digital Properties.

    iii. Refrain from interfering with Plaintiff's digital assets or online presence in any manner.

D. Restitution for all gains or benefits Defendant obtained as a result of the conversion.

E. Prejudgment and Post-judgment Interest at the maximum rate permitted by law, from the date of conversion until the date of satisfaction of judgment.

F. Costs and Expenses of this action, including reasonable attorney's fees incurred by Plaintiff.

G. Any other and further relief that the Court deems just, equitable, and proper under the circumstances.

## COUNT IV – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

27. Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs 1-26 as though fully stated herein.

28. Defendant engaged in extreme and outrageous conduct by intentionally and unlawfully accessing Plaintiff's personal Facebook and Instagram accounts without authorization over an extended period.

29. Defendant's actions included, but were not limited to:

    29.1 Surreptitious Monitoring: Secretly reading Plaintiff's private messages and personal communications intended only for designated recipients.

    29.2 Manipulation of Relationships: Deleting and blocking Plaintiff's friends and contacts, thereby isolating Plaintiff from personal and professional networks.

    29.3 Destruction of Personal Content: Deleting and hiding posts, photographs, and memories of significant sentimental value to Plaintiff.

30. Defendant knew or should have known that such conduct would cause severe emotional distress to Plaintiff, as demonstrated by Defendant's own experiences of emotional distress stemming from of having her Facebook account previously stolen from her by unknown bad actors.

31. Defendant's actions were intentional, willful, and performed with the reckless disregard for the probability of causing Plaintiff severe emotional distress.

32. The conduct of Defendant was extreme and outrageous, exceeding all bounds of decency tolerated in a civilized society.

33. As a direct and proximate result of Defendant's intentional infliction of emotional distress, Plaintiff has suffered and continues to suffer severe emotional and psychological

harm, including but not limited to:

33.1 Emotional Distress: Intense feelings of humiliation, anxiety, depression, and emotional anguish.

33.2 Physical Symptoms: Manifestations such as insomnia, loss of appetite, headaches, and other stress-related ailments.

33.3 Interference with Daily Life: Difficulty concentrating, diminished productivity, and disruption of normal life activities and relationships.

34. The severity of Plaintiff's emotional distress is such that no reasonable person should be expected to endure it without legal recourse.

35. Defendant's conduct justifies the imposition of punitive damages to punish Defendant and deter such egregious behavior in the future.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in favor of Plaintiff and against Defendant, awarding the following relief:

    A.    Compensatory Damages in an amount to be determined at trial, sufficient to compensate Plaintiff for the severe emotional distress and associated harms suffered as a result of Defendant's conduct in excess of $100,000.

    B.    Punitive Damages in an amount commensurate with Defendant's malicious and outrageous conduct, intended to punish and deter such behavior.

    C.    Injunctive Relief enjoining Defendant from:

Electronically Filed - CITY OF ST. LOUIS - February 27, 2025 - 08:56 AM

      i.    Accessing or attempting to access Plaintiff's Facebook and Instagram accounts or any other personal digital accounts.

      ii.    Contacting Plaintiff in any form that could cause further emotional distress.

    D.    Prejudgment and Post-judgment Interest at the maximum legal rate from the date of injury until the judgment is paid in full.

    E.    Costs of Suit, including reasonable attorney's fees and other expenses incurred in pursuing this action.

    F.    Any other and further relief that the Court deems just, equitable, and proper under the circumstances.

## COUNT V – VIOLATION OF MISSOURI COMPUTER TAMPERING STATUTES (§ 569.095 et seq.)

36. Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs 1-35 as though fully stated herein.

37. Plaintiff is the rightful owner and authorized user of personal Facebook and Instagram accounts (hereinafter collectively referred to as "the Digital Accounts"), which are computer systems and networks as defined under Missouri law.

38. Defendant, without authorization or consent, knowingly and intentionally accessed the Digital Accounts owned by Plaintiff, in violation of Missouri Revised Statutes §§ 569.095 to 569.099, commonly known as the Missouri Computer Tampering Statutes.

Electronically Filed - CITY OF ST. LOUIS - February 27, 2025 - 08:56 AM

39. Specifically, Defendant's actions constitute:

   a. Computer Tampering in the First Degree (§ 569.097):

   i. Defendant knowingly and without authorization accessed and caused disruption to the Digital Accounts, which are computer systems and networks.

   ii. Defendant altered, damaged, and destroyed data, programs, and/or software within the Digital Accounts by deleting content, blocking contacts, and changing account settings.

   iii. The aggregate amount of damage caused by Defendant's actions exceeds $750, considering the value of lost data, costs of restoration, cost to prevent further access, and associated economic losses.

   b. Tampering with Computer Users (§ 569.099):

   i. Defendant knowingly and without authorization accessed the Digital Accounts, thereby denying Plaintiff, an authorized user, the full use and enjoyment of their computer systems and networks.

   ii. Defendant's actions interfered with and interrupted Plaintiff's services by manipulating account settings, deleting contacts, and obstructing communications.

40. Defendant acted with the intent to defraud and harm Plaintiff, or at minimum, with reckless disregard for Plaintiff's rights and the legal prohibitions against unauthorized computer access.

41. As a direct and proximate result of Defendant's violations of the Missouri Computer Tampering Statutes, Plaintiff has suffered and continues to suffer damages, including but not limited to:

a. Economic Damages: Costs incurred in securing the Digital Accounts, restoring deleted data, and expenses related to identity protection services.

b. Loss of Data and Services: Permanent loss of valuable personal and professional content, and disruption of communications.

c. Emotional Distress: Anxiety, stress, and emotional anguish resulting from the breach of digital security and privacy.

42. Pursuant to Missouri Revised Statutes § 537.525, Plaintiff is entitled to bring a civil action for damages resulting from violations of the Missouri Computer Tampering Statutes.

43. Plaintiff is entitled to recover:

a. Compensatory Damages for the actual losses suffered.

b. Punitive Damages due to Defendant's willful and malicious conduct.

c. Attorney's Fees and Costs as permitted under § 537.525(3).

d. Injunctive Relief to prevent further unauthorized access and to compel Defendant to return any and all data obtained unlawfully.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in favor of Plaintiff and against Defendant, granting the following relief:

A.  Compensatory Damages in an amount to be determined at trial, including but not limited to economic losses, restoration costs, and other consequential damages resulting from Defendant's unlawful actions, in excess of $200,000.

Electronically Filed - CITY OF ST. LOUIS - February 27, 2025 - 08:56 AM

B.  Punitive Damages sufficient to punish Defendant for the intentional, willful, and malicious violation of the Missouri Computer Tampering Statutes and to deter such conduct in the future.

C.  Injunctive Relief enjoining Defendant from:

   i.  Accessing or attempting to access Plaintiff's Facebook and Instagram accounts or any other computer systems or networks owned by Plaintiff.

   ii.  Destroying or Altering any evidence related to the unauthorized access and activities performed on the Digital Accounts.

D.  Attorney's Fees and Costs incurred in prosecuting this action, as authorized by Missouri Revised Statutes § 537.525(3).

E.  Prejudgment and Post-judgment Interest at the maximum rate permitted by law, from the date of injury until the judgment is satisfied.

F.  Any other and further relief that the Court deems just, equitable, and proper under the circumstances.

WHEREFORE, Plaintiff prays for a judgment against Defendant for actual damages in an amount to be determined by the jury for his losses, prejudgment interest on said sums, punitive damages, post-judgment interest, and for his costs and attorney fees expended herein.

GOLDSON HOEKEL, LLC
/s/ Marshall R. Hoekel
Marshall R. Hoekel, #40396
mhoekel@gmail.com
5 Plant Ave., Ste 2
Webster Groves, MO 63119
(314) 961-6917 – Office
(314) 961-6965 – Facsimile
(314) 560-7301 – Cellphone
Attorneys for Plaintiff
Victor Manuel Ribas

Electronically Filed - CITY OF ST. LOUIS - February 27, 2025 - 08:56 AM