# EXHIBIT C



MISSOURI COURTS
Judicial Branch of Government



| | | | | | | |
|---|---|---|---|---|---|---|
| Home | Judicial Links ▾ | eFiling | Help ▾ | Contact Us | Print | Search for Cases By: ▾  Logon |

## 2522-CC00372 - VICTOR M RIBAS V MEGAN M BESLER (E-CASE)

| Case Header | Parties & Attorneys | Docket Entries | Charges, Judgments & Sentences | Service Information | Scheduled Hearings & Trials | Civil Judgments | Garnishments/Execution |
|---|---|---|---|---|---|---|---|

Sort Date Entries: ● Descending ○ Ascending     Display Options: [All Entries ▾]

**04/03/2025**

**Summons Personally Served**
Document ID - 25-SMOS-912; Served To - BESLER, MEGAN MARIE; Server - ; Served Date - 25-MAR-25; Served Time - 00:00:00; Service Type - Special Process Server; Reason Description - Served

**Affidavit Filed**
Return of Service Affidavit Personal Service Upon Defendant Megan Besler.
     **Filed By:** MARSHALL ROSS HOEKEL
     **On Behalf Of:** VICTOR MANUEL RIBAS

**03/25/2025**

**Jury Trial Scheduled**

     Scheduled For: 08/25/2025; 9:00 AM; CHRISTOPHER EDWARD MCGRAUGH; City of St. Louis

**02/27/2025**

**Summ Issd- Circ Pers Serv O/S**
Document ID: 25-SMOS-912, for BESLER, MEGAN MARIE.

**Filing Info Sheet eFiling**

     **Filed By:** MARSHALL ROSS HOEKEL

**Motion Special Process Server**
Request for Special Process Server.
     **Filed By:** MARSHALL ROSS HOEKEL

**Pet Filed in Circuit Ct**
Petition.
     **Filed By:** MARSHALL ROSS HOEKEL

2522-CC00372

Electronically Filed - CITY OF ST. LOUIS - February 27, 2025 - 08:56 AM

IN THE CIRCUIT COURT OF ST. LOUIS CITY

STATE OF MISSOURI

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| VICTOR MANUEL RIBAS, | ) | |
| | ) | Cause No. |
| | ) | |
| | ) | |
| Plaintiff, | ) | Division |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | JURY TRIAL DEMANDED |
| | ) | |
| MEGAN BESLER, | ) | |
| Serve: | ) | |
| Megan Besler | ) | |
| 6719 Country Hill Road NE, Apt. 1 | ) | |
| Cedar Rapids, IA 52402 | ) | |
| | ) | |
| Defendant. | ) | |

**PETITION**

COMES NOW, Plaintiff, Victor Manuel Ribas, by and through his undersigned

attorneys, and for his Petitioner against Defendant, Megan Besler, states as follows:

**GENERAL ALLEGATIONS**

1.      Plaintiff, Victor Manuel Ribas ("Plaintiff" or "Mr. Ribas"), is an individual

residing in the City of St. Louis, State of Missouri.

2.      Defendant, Megan Besler ("Defendant" or "Ms. Besler"), is an individual residing in

Cedar Rapids, Linn County, Iowa.

# Factual Background

3.1      Plaintiff has been a registered user of Facebook and Instagram, social media platforms,

since approximately 2006 and Tick Tock since approximately 2010.

Electronically Filed - CITY OF ST. LOUIS - February 27, 2025 - 08:56 AM

3.2     At all relevant times, Plaintiff maintained a personal Facebook account, which included private messages, personal posts, and connections with friends and family.

3.3     On or about early 2023, without Plaintiff's knowledge or consent, Defendant obtained access to Plaintiff's Facebook, Instagram, and Tick Tock passwords and accounts.

3.4     From approximately early 2023 to late 2023, Defendant knowingly and intentionally accessed Plaintiff's social media accounts without authorization.

3.5     During this period, Defendant monitored Plaintiff's private messages, posts, and interactions without permission.

3.6     Defendant took the following unauthorized actions on Plaintiff's Facebook account:

3.6.1    Deleted and blocked dozens of Plaintiff's friends and professional connections.

3.6.2    Deleted and hid hundreds of posts made by Plaintiff and his friends.

3.7     Plaintiff became aware of Defendant's unauthorized access and actions on or about October 2024.

3.8     Defendant's actions were intentional, willful, and in reckless disregard of Plaintiff's rights.

### Damages

4.1     As a direct and proximate result of Defendant's unauthorized access and actions, Plaintiff has suffered:

4.1.1    Loss of personal data and connections.

4.1.2    Emotional distress, including anxiety and humiliation.

4.1.3    Damage to personal and professional relationships.

Electronically Filed - CITY OF ST. LOUIS - February 27, 2025 - 08:56 AM

    4.1.4   Costs associated with securing the Facebook account and restoring deleted content.

## Causes of Action

    5.1   Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

    5.2   Defendant's actions constitute:

        5.2.1   Invasion of Privacy (Intrusion Upon Seclusion).

        5.2.2   Trespass to Chattels.

        5.2.3   Conversion.

        5.2.4   Intentional Infliction of Emotional Distress.

        5.2.5   Violations under the Missouri Computer Tampering statutes (§ 569.095 et seq.).

## COUNT I – INVASION OF PRIVACY (INTRUSION UPON SECLUSION)

6.  Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs 1-5 as though fully set forth herein.

7.  Defendant intentionally intruded upon the solitude, seclusion, and private affairs of Plaintiff by accessing Plaintiff's personal Facebook account without authorization.

8.  Defendant's unauthorized access included reading private messages, monitoring personal interactions, and manipulating Plaintiff's account by deleting and blocking friends, colleagues, messages and posts.

Electronically Filed - CITY OF ST. LOUIS - February 27, 2025 - 08:56 AM

9.  The intrusion by Defendant was substantial, unreasonable, and highly offensive to a reasonable person, constituting an invasion of Plaintiff's privacy rights.

10. Plaintiff had a reasonable expectation of privacy in their personal Facebook account, which contained confidential communications and personal information not intended for public disclosure.

11. As a direct and proximate result of Defendant's invasion of privacy, Plaintiff has suffered and continues to suffer damages, including but not limited to:

    11.1  Emotional distress, anxiety, and humiliation.

    11.2  Loss of personal and professional relationships.

    11.3  Time and expenses incurred to secure the account restore deleted content and repair relationships.

12. Defendant's actions were willful, malicious, and in reckless disregard of Plaintiff's rights, entitling Plaintiff to an award of punitive damages to deter such conduct in the future.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in favor of Plaintiff and against Defendant, awarding the following relief:

A.  Compensatory Damages in an amount to be determined at trial for the harm suffered due to the invasion of privacy in excess of $100,000.00 exclusive of interest and costs.

Electronically Filed - CITY OF ST. LOUIS - February 27, 2025 - 08:56 AM

B.      Punitive Damages sufficient to punish Defendant for their malicious conduct and to deter similar actions in the future.

C.      Injunctive Relief prohibiting Defendant from any further unauthorized access or interference with Plaintiff's personal accounts.

D.      Costs and Expenses incurred in this action, including reasonable attorney's fees as permitted by law.

E.      Pre-judgment and Post-judgment Interest as allowed by law.

F.      Any other relief the Court deems just and proper.

## COUNT II – TRESPASS TO CHATTELS

13. Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs 1-15 as though fully set forth herein.

14. Plaintiff had a possessory interest in their personal Facebook and Instagram accounts (hereinafter referred to as "the Chattel"), which constitutes personal property under Missouri law.

15. Defendant, without authorization or consent, intentionally interfered with Plaintiff's use and possession of the Chattel by accessing Plaintiff's Facebook and Instagram accounts.

16. Defendant's interference was deliberate and unauthorized, as evidenced by the following actions:

16.1 Deleting and Blocking Contacts: Defendant removed and blocked several of

Electronically Filed - CITY OF ST. LOUIS - February 27, 2025 - 08:56 AM

Plaintiff's friends and contacts, thereby disrupting Plaintiff's personal and professional relationships.

16.2 Deleting and Hiding Posts: Defendant deleted, altered, and concealed posts made by Plaintiff and Plaintiffs friend and contacts, affecting the integrity and content of the account.

16.3 Unauthorized Monitoring: Defendant monitored Plaintiff's private messages and activities, infringing upon Plaintiff's exclusive control over the Chattel.

17. Defendant's actions directly resulted in the impairment of the condition, quality, and value of the Chattel by:

17.1 Diminishing Personal Connections: The loss of contacts and relationships due to deleted and blocked friends.

17.2 Loss of Personal Content: Irretrievable deletion of posts and messages of significant personal value to Plaintiff.

17.3 Compromising Account Security: Necessitating measures to secure the account against further unauthorized access, causing inconvenience and expense to Plaintiff.

18. As a direct and proximate result of Defendant's trespass to chattels, Plaintiff has suffered and continues to suffer damages, including but not limited to:

18.1 Economic Damages: Costs associated with restoring the account, recovering lost data, and implementing enhanced security measures.

18.2 Emotional Distress: Anxiety, humiliation, and distress caused by the violation of privacy and interference with personal property.

Electronically Filed - CITY OF ST. LOUIS - February 27, 2025 - 08:56 AM

18.3 Loss of Use: Temporary deprivation of full access to and enjoyment of the Facebook account.

19. Defendant's conduct was willful, malicious, and in reckless disregard of Plaintiff's rights, warranting the imposition of punitive damages to deter such egregious behavior in the future.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in favor of Plaintiff and against Defendant, and grant the following relief:

A.      Compensatory Damages in an amount to be determined at trial, representing the full extent of the losses suffered by Plaintiff as a result of Defendant's trespass to chattels in excess of $50,000.

B.      Punitive Damages sufficient to punish Defendant for the intentional and malicious interference with Plaintiff's property rights and to deter similar misconduct.

C.      Injunctive Relief prohibiting Defendant from:

i.      Accessing Plaintiff's Facebook account or any other personal accounts.

ii.      Interfering with Plaintiff's personal property or digital assets in any manner.

D.      Prejudgment and Post-judgment Interest as permitted by law, accruing from the date of the initial trespass to the satisfaction of judgment.

Electronically Filed - CITY OF ST. LOUIS - February 27, 2025 - 08:56 AM

E.      Costs of this Action, including reasonable attorney's fees and expenses incurred by Plaintiff in prosecuting this claim.

F.      Any other and further relief that the Court deems just and proper under the circumstances.

## **COUNT III – CONVERSION**

20. Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs 1-19 as though fully stated herein.

21. Plaintiff had ownership and the right to immediate possession of their personal Facebook and Instagram accounts (hereinafter collectively referred to as "the Digital Properties"), which are valuable digital assets containing personal, professional, and proprietary content.

22. Defendant, without lawful justification or Plaintiff's consent, intentionally exercised dominion and control over the Digital Properties by:

22.1 Accessing the accounts without authorization.

22.2 Deleting Content: Permanently removing posts, messages, photographs, and other valuable data belonging to Plaintiff.

22.3 Blocking Contacts: Preventing Plaintiff's friends, family, and professional contacts from interacting with Plaintiff through the Digital Properties.

23. Defendant's actions amounted to an unlawful conversion by wholly depriving Plaintiff of the use, enjoyment, and value of the Digital Properties for a substantial period.

Electronically Filed - CITY OF ST. LOUIS - February 27, 2025 - 08:56 AM

24. The conduct of Defendant was inconsistent with Plaintiff's rights of possession and ownership, effectively usurping control over the Digital Properties.

25. As a direct and proximate result of Defendant's conversion, Plaintiff has suffered and continues to suffer significant damages, including but not limited to:

25.1 Economic Losses: Costs related to the value of lost data, and potential revenue from professional engagements facilitated through the accounts.

25.2 Emotional Distress: Severe anxiety, stress, and emotional anguish resulting from the loss of personal memories, contacts, and disruption of social and professional networks.

25.3 Reputational Harm: Damage to Plaintiff's personal and professional reputation due to unauthorized posts or absence from platforms relied upon by contacts.

26. Defendant's conversion was willful, malicious, and executed with conscious disregard for Plaintiff's rights, justifying the award of punitive damages to deter such egregious misconduct.

WHEREFORE, Plaintiff respectfully prays that this Honorable Court enter judgment in favor of Plaintiff and against Defendant, granting the following relief:

A.    Compensatory Damages in an amount to be determined at trial, representing the full extent of the monetary value of the Digital Properties and the losses incurred by Plaintiff due to Defendant's conversion in excess of $75,000.

B.    Punitive Damages sufficient to punish Defendant for the intentional and malicious deprivation of Plaintiff's property rights and to deter similar conduct in the future.

Electronically Filed - CITY OF ST. LOUIS - February 27, 2025 - 08:56 AM

C.     Injunctive Relief ordering Defendant to:

i.     Immediately Cease any and all access to or control over Plaintiff's Facebook and Instagram accounts as well as any other digital assets belonging to Plaintiff that defendant continues to harbor access to.

ii.     Return any data, content, or information taken from the Digital Properties.

iii.     Refrain from interfering with Plaintiff's digital assets or online presence in any manner.

D.     Restitution for all gains or benefits Defendant obtained as a result of the conversion.

E.     Prejudgment and Post-judgment Interest at the maximum rate permitted by law, from the date of conversion until the date of satisfaction of judgment.

F.     Costs and Expenses of this action, including reasonable attorney's fees incurred by Plaintiff.

G.     Any other and further relief that the Court deems just, equitable, and proper under the circumstances.

## COUNT IV – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

27. Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs 1-26 as though fully stated herein.

Electronically Filed - CITY OF ST. LOUIS - February 27, 2025 - 08:56 AM

28. Defendant engaged in extreme and outrageous conduct by intentionally and unlawfully accessing Plaintiff's personal Facebook and Instagram accounts without authorization over an extended period.

29. Defendant's actions included, but were not limited to:

29.1  Surreptitious Monitoring: Secretly reading Plaintiff's private messages and personal communications intended only for designated recipients.

29.2 Manipulation of Relationships: Deleting and blocking Plaintiff's friends and contacts, thereby isolating Plaintiff from personal and professional networks.

29.3 Destruction of Personal Content: Deleting and hiding posts, photographs, and memories of significant sentimental value to Plaintiff.

30. Defendant knew or should have known that such conduct would cause severe emotional distress to Plaintiff, as demonstrated by Defendant's own experiences of emotional distress stemming from of having her Facebook account previously stolen from her by unknown bad actors.

31. Defendant's actions were intentional, willful, and performed with the reckless disregard for the probability of causing Plaintiff severe emotional distress.

32. The conduct of Defendant was extreme and outrageous, exceeding all bounds of decency tolerated in a civilized society.

33. As a direct and proximate result of Defendant's intentional infliction of emotional distress, Plaintiff has suffered and continues to suffer severe emotional and psychological

Electronically Filed - CITY OF ST. LOUIS - February 27, 2025 - 08:56 AM

harm, including but not limited to:

33.1 Emotional Distress: Intense feelings of humiliation, anxiety, depression, and emotional anguish.

33.2 Physical Symptoms: Manifestations such as insomnia, loss of appetite, headaches, and other stress-related ailments.

33.3 Interference with Daily Life: Difficulty concentrating, diminished productivity, and disruption of normal life activities and relationships.

34. The severity of Plaintiff's emotional distress is such that no reasonable person should be expected to endure it without legal recourse.

35. Defendant's conduct justifies the imposition of punitive damages to punish Defendant and deter such egregious behavior in the future.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in favor of Plaintiff and against Defendant, awarding the following relief:

A.    Compensatory Damages in an amount to be determined at trial, sufficient to compensate Plaintiff for the severe emotional distress and associated harms suffered as a result of Defendant's conduct in excess of $100,000.

B.    Punitive Damages in an amount commensurate with Defendant's malicious and outrageous conduct, intended to punish and deter such behavior.

C.    Injunctive Relief enjoining Defendant from:

Electronically Filed - CITY OF ST. LOUIS - February 27, 2025 - 08:56 AM

      i.     Accessing or attempting to access Plaintiff's Facebook and Instagram accounts or any other personal digital accounts.

      ii.    Contacting Plaintiff in any form that could cause further emotional distress.

D.    Prejudgment and Post-judgment Interest at the maximum legal rate from the date of injury until the judgment is paid in full.

E.    Costs of Suit, including reasonable attorney's fees and other expenses incurred in pursuing this action.

F.    Any other and further relief that the Court deems just, equitable, and proper under the circumstances.

## COUNT V – VIOLATION OF MISSOURI COMPUTER TAMPERING STATUTES (§ 569.095 et seq.)

36.  Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs 1-35 as though fully stated herein.

37.  Plaintiff is the rightful owner and authorized user of personal Facebook and Instagram accounts (hereinafter collectively referred to as "the Digital Accounts"), which are computer systems and networks as defined under Missouri law.

38.  Defendant, without authorization or consent, knowingly and intentionally accessed the Digital Accounts owned by Plaintiff, in violation of Missouri Revised Statutes §§ 569.095 to 569.099, commonly known as the Missouri Computer Tampering Statutes.

Electronically Filed - CITY OF ST. LOUIS - February 27, 2025 - 08:56 AM

39. Specifically, Defendant's actions constitute:

a. Computer Tampering in the First Degree (§ 569.097):

i. Defendant knowingly and without authorization accessed and caused disruption to the Digital Accounts, which are computer systems and networks.

ii. Defendant altered, damaged, and destroyed data, programs, and/or software within the Digital Accounts by deleting content, blocking contacts, and changing account settings.

iii. The aggregate amount of damage caused by Defendant's actions exceeds $750, considering the value of lost data, costs of restoration, cost to prevent further access, and associated economic losses.

b. Tampering with Computer Users (§ 569.099):

i. Defendant knowingly and without authorization accessed the Digital Accounts, thereby denying Plaintiff, an authorized user, the full use and enjoyment of their computer systems and networks.

ii. Defendant's actions interfered with and interrupted Plaintiff's services by manipulating account settings, deleting contacts, and obstructing communications.

40. Defendant acted with the intent to defraud and harm Plaintiff, or at minimum, with reckless disregard for Plaintiff's rights and the legal prohibitions against unauthorized computer access.

41. As a direct and proximate result of Defendant's violations of the Missouri Computer Tampering Statutes, Plaintiff has suffered and continues to suffer damages, including but not limited to:

Electronically Filed - CITY OF ST. LOUIS - February 27, 2025 - 08:56 AM

a. Economic Damages: Costs incurred in securing the Digital Accounts, restoring deleted data, and expenses related to identity protection services.

b. Loss of Data and Services: Permanent loss of valuable personal and professional content, and disruption of communications.

c. Emotional Distress: Anxiety, stress, and emotional anguish resulting from the breach of digital security and privacy.

42. Pursuant to Missouri Revised Statutes § 537.525, Plaintiff is entitled to bring a civil action for damages resulting from violations of the Missouri Computer Tampering Statutes.

43. Plaintiff is entitled to recover:

a. Compensatory Damages for the actual losses suffered.

b. Punitive Damages due to Defendant's willful and malicious conduct.

c. Attorney's Fees and Costs as permitted under § 537.525(3).

d. Injunctive Relief to prevent further unauthorized access and to compel Defendant to return any and all data obtained unlawfully.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in favor of Plaintiff and against Defendant, granting the following relief:

A.    Compensatory Damages in an amount to be determined at trial, including but not limited to economic losses, restoration costs, and other consequential damages resulting from Defendant's unlawful actions, in excess of $200,000.

Electronically Filed - CITY OF ST. LOUIS - February 27, 2025 - 08:56 AM

B.    Punitive Damages sufficient to punish Defendant for the intentional, willful, and malicious violation of the Missouri Computer Tampering Statutes and to deter such conduct in the future.

C.    Injunctive Relief enjoining Defendant from:

i.    Accessing or attempting to access Plaintiff's Facebook and Instagram accounts or any other computer systems or networks owned by Plaintiff.

ii.    Destroying or Altering any evidence related to the unauthorized access and activities performed on the Digital Accounts.

D.    Attorney's Fees and Costs incurred in prosecuting this action, as authorized by Missouri Revised Statutes § 537.525(3).

E.    Prejudgment and Post-judgment Interest at the maximum rate permitted by law, from the date of injury until the judgment is satisfied.

F.    Any other and further relief that the Court deems just, equitable, and proper under the circumstances.

WHEREFORE, Plaintiff prays for a judgment against Defendant for actual damages in an amount to be determined by the jury for his losses, prejudgment interest on said sums, punitive damages, post-judgment interest, and for his costs and attorney fees expended herein.

Electronically Filed - CITY OF ST. LOUIS - February 27, 2025 - 08:56 AM

GOLDSON HOEKEL, LLC
/s/ Marshall R. Hoekel
Marshall R. Hoekel, #40396
mhoekel@gmail.com
5 Plant Ave., Ste 2
Webster Groves, MO 63119
(314) 961-6917 – Office
(314) 961-6965 – Facsimile
(314) 560-7301 – Cellphone
Attorneys for Plaintiff
Victor Manuel Ribas

Electronically Filed - CITY OF ST. LOUIS - February 27, 2025 - 08:56 AM

**2522-CC00372**

## In the
# CIRCUIT COURT
## City of St. Louis, Missouri

For File Stamp Only

Victor Ribas
_____
Plaintiff/Petitioner

02/27/2025
_____
Date

vs.

_____
Case number

Megan Besler
_____
Defendant/Respondent

_____
Division

## REQUEST FOR APPOINTMENT OF PROCESS SERVER

Comes now  Marshall R. Hoekel, 40396
_____, pursuant
                     Requesting Party
to Local Rule 14, requests the appointment by the Circuit Clerk of

Tonia Krousie                       436 20thSt.NW, Cedar Rapds,IA52408   3199292445
_____
Name of Process Server              Address                            Telephone

_____
Name of Process Server              Address                            Telephone

_____
Name of Process Server              Address                            Telephone
to serve the summons and petition in this cause on the below named parties.

SERVE:                              SERVE:
Megan Besler
_____           _____
Name                               Name
6719 Country Hill Road NE, Apt. 1
_____           _____
Address                            Address
Cedar Rapids, IA 52402
_____           _____
City/State/Zip                     City/State/Zip

SERVE:                              SERVE:

_____           _____
Name                               Name

_____           _____
Address                            Address

_____           _____
City/State/Zip                     City/State/Zip

Appointed as requested:

**Thomas Kloeppinger,** Circuit Clerk      /s/ Marshall R. Hoekel, MBN 40396
                                           _____
                                           Attorney/Plaintiff/Petitioner
                                           Attorney for Respondent

By_____        Bar No.
Deputy Clerk                               40396    5 Plant Ave., Ste. 2
                                           _____
                                           Address
Dated_____          Webster Groves, MO 63119
                                           _____
                                           Phone No. (314) 560-7301 Fax No. (314) 961-6965
                                           email: mhoekel@gmail.com

Electronically Filed - CITY OF ST. LOUIS - February 27, 2025 - 08:56 AM

**RULE 14 SPECIAL PROCESS SERVERS**

1. Any person appointed by the Court or the Circuit Clerk to serve process must have a license issued pursuant to this rule to serve process.

2. Licenses to serve process shall be issued by the Sheriff of the City of St. Louis if the applicant has met the following qualifications:

   a. Is twenty-one years of age or older;

   b. Has a high school diploma or an equivalent level of education;

   c. Has insurance coverage for any errors or omissions occurring in the service of process;

   d. Has not been convicted, pleaded guilty to or been found guilty of any felony, or of any misdemeanor involving moral turpitude; and,

   e. Has passed a training course for the service of process which shall be administered by the Sheriff of the City of St. Louis.

3. Each applicant for a process server license under the provisions of this rule shall provide an affidavit setting forth such person's legal name, current address, any other occupations and current telephone numbers. Licensed process servers shall immediately notify the Sheriff of the City of St. Louis of any change in the above information, and the failure to do so shall constitute good cause for the revocation of such person's license.

4. The Sheriff of the City of St. Louis shall maintain a list of persons licensed to serve process pursuant to this rule, and shall make such list available to litigants upon request.

5. A photo identification card designed by the Sheriff of the City of St. Louis shall be issued in addition to the license. No other identification will be allowed. All licenses must be signed and approved by the Sheriff of the City of St. Louis and the Presiding Judge or his designee.

6. A license fee recommended by the Sheriff and approved by the Court En Banc shall be charged to cover the costs of compiling and maintaining the list of process servers and for the training of such process servers. The license fees shall be made payable to the Sheriff of the City of St. Louis.

Electronically Filed - CITY OF ST. LOUIS - February 27, 2025 - 08:56 AM

7. A license for service of process issued under this rule may be revoked by the Sheriff with the approval of the Presiding Judge or his designee, for any of the following reasons:

a. Misrepresentation of duty or authority;

b. Conviction, guilty plea or finding of guilty of any state or federal felony, or a misdemeanor involving moral turpitude;

c. Improper use of the license;

d. Making a false return; or

e. Any other good cause.

Provided, no service of process made by an appointed process server with a revoked license shall be void if the Court or Circuit Clerk made the appointment in good faith without knowledge of the license revocation.

8. Any person authorized to serve process may carry a concealed firearm as allowed by Section 506.145, RSMo, only while actually engaged in the service of process and only if the person has passed a firearms qualification test approved by a law enforcement agency; provided, however, that any licensed special process server may file a written waiver of the right to carry a concealed firearm and thereby avoid the requirements of firearm training and testing.  Any violation of this section shall be considered beyond the scope of the privilege to carry a concealed weapon that is granted by the appointment, and shall constitute good cause for the revocation of the license.

9. Applications for the appointment of a special process server shall be made on forms available in the offices of the Sheriff and Circuit Clerk.  Orders Appointing special process servers may list more than one licensed server as alternatives.

10. The licenses granted pursuant to this rule shall be good for two years.  Each person granted a license shall be required to reapply at the expiration of the license and shall be required to provide all the information required in the initial application, including a current police record check.

(Approved 9/28/92; amended 11/23/92; 5/31/95; 12/17/07)



# Summons for Personal Service Outside the State of Missouri (Except Attachment Action)

IN THE 22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS, MISSOURI

| | |
|---|---|
| Judge or Division:<br>CHRISTOPHER EDWARD MCGRAUGH | Case Number:  2522-CC00372 |
| Plaintiff/Petitioner:<br>VICTOR MANUEL RIBAS<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address:<br>MARSHALL ROSS HOEKEL<br>5 PLANT AVE.<br>SUITE 2<br>WEBSTER GROVES, MO  631193040 |
| Defendant/Respondent:<br>MEGAN MARIE BESLER | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO  63101 |
| Nature of Suit:<br>CC Other Tort | (Date File Stamp for Return) |

**The State of Missouri to**: **MEGAN MARIE BESLER**
**Alias:**

**6719 COUNTRY HILL ROAD**
**NE APT 1**
**CEDAR RAPIDS, IA  52402**

SPECIAL PROCESS SERVER

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the plaintiff/petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

***COURT SEAL OF***

***CITY OF ST LOUIS***

February 27, 2025
_____
Date

_____
Clerk

**Further Information:**

Case Number: 2522-CC00372

## Officer's or Server's Affidavit of Service

I certify that:

1.  I am authorized to serve process in civil actions within the state or territory where the above summons was served.

2.  My official title is _____ of _____ County, _____ (state).

3.  I have served the above Summons by: (check one)

    ☐  delivering a copy of the summons and petition to the defendant/respondent.

    ☐  leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with _____, a person at least 18 years of age residing therein.

    ☐  (for service on a corporation) delivering a copy of the summons and petition to:

    _____ (name) _____(title).

    ☐  other: _____.

Served at _____ (address)

in _____ (County), _____ (state), on _____(date)

at _____ (time).

_____        _____
Printed Name of Officer or Server                       Signature of Officer or Server

**Subscribed and sworn to** before me this _____ (day) _____ (month), _____ (year).

I am: (check one)  ☐  the clerk of the court of which affiant is an officer.

                   ☐  the judge of the court of which affiant is an officer.

*(Seal)*           ☐  authorized to administer oaths in the state in which the affiant served the above summons (use for out-of-state officer).

                   ☐  authorized to administer oaths. (use for court-appointed server)

_____
Signature and Title

**Service Fees**

Summons      $_____

Non Est      $_____

Mileage      $_____ (_____ miles @ $._____ per mile)

**Total**        **$_____**

See the following page for directions to officer making return on service of summons.

Case Number: 2522-CC00372

### Directions to Officer Making Return on Service of Summons

A copy of the summons and petition must be served on each defendant/respondent. If any defendant/respondent refuses to receive the copy of the summons and petition when offered, the return shall be prepared accordingly so as to show the offer of the officer to deliver the summons and petition and the defendant's/respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and petition personally to the individual or by leaving a copy of the summons and petition at the individual's dwelling house or usual place of abode with some person at least 18 years of age residing therein, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and petition to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and petition to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the defendant/respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body. Upon a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory of the United States. If served in a territory, substitute the word "territory" for the word "state."

The office making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths. This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

The officer or other person receiving a summons or other process shall serve the same and make return of service promptly. If the process cannot be served it shall be returned to the court within 30 days after the date of issue with a statement of the reason for the failure to serve the same; provided, however, that the time for service thereof may be extended up to ninety days from the date of issue by order of the court.

Electronically Filed - CITY OF ST. LOUIS - April 03, 2025 - 01:24 PM



# Summons for Personal Service Outside the State of Missouri (Except Attachment Action)

IN THE 22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS, MISSOURI

| | |
|---|---|
| Judge or Division:<br>CHRISTOPHER EDWARD MCGRAUGH | Case Number:  2522-CC00372 |
| Plaintiff/Petitioner:<br>VICTOR MANUEL RIBAS | Plaintiff's/Petitioner's Attorney/Address:<br>MARSHALL ROSS HOEKEL<br>5 PLANT AVE.<br>SUITE 2<br>WEBSTER GROVES, MO  631193040 |
| vs. | |
| Defendant/Respondent:<br>MEGAN MARIE BESLER | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO  63101 |
| Nature of Suit:<br>CC Other Tort | (Date File Stamp for Return) |

| | |
|---|---|
| The State of Missouri to: MEGAN MARIE BESLER<br>                     Alias:<br>6719 COUNTRY HILL ROAD<br>NE APT 1<br>CEDAR RAPIDS, IA  52402 | SPECIAL PROCESS SERVER |

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the plaintiff/petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

**COURT SEAL OF**

CITY OF ST LOUIS

February 27, 2025
_____
Date

_Thomas Kloppensinger_
_____
Clerk

**Further Information:**

Case Number: 2522-CC00372

**Officer's or Server's Affidavit of Service**

I certify that:

1.  I am authorized to serve process in civil actions within the state or territory where the above summons was served.

2.  My official title is ___Owner of and Process Server for Servem1___ of ___Linn___ County, ___Iowa___ (state).

3.  I have served the above Summons by: (check one)

    [X] delivering a copy of the summons and petition to the defendant/respondent.

    [ ] leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with _____, a person at least 18 years of age residing therein.

    [ ] (for service on a corporation) delivering a copy of the summons and petition to:

    _____ (name) _____ (title).

    [ ] other: _____.

Served at ___6719 Country Hill Rd NE Apt 1_____ (address)

in ___Linn___ (County), ___Iowa___ (state), on ___March 25, 2025___ (date)

at ___14:40___ (time).

_____Tonia Krousie_____          _____(signature)_____
Printed Name of Officer or Server          Signature of Officer or Server

**Subscribed and sworn to** before me this _31_ (day) _March_ (month), _2025_ (year).

I am: (check one)  [ ] the clerk of the court of which affiant is an officer.

[ ] the judge of the court of which affiant is an officer.

*(Seal)*

[X] authorized to administer oaths in the state in which the affiant served the above summons (use for out-of-state officer).

[ ] authorized to administer oaths. (use for court-appointed server)

ERICKA LYNN COLEMAN
Commission Number 839349
My Commission Expires
May 12, 2025

_____(signature)_____
Signature and Title _Notary_

**Service Fees**

| | | |
|---|---|---|
| Summons | $ | 45.00 |
| Non Est | $ | |
| Mileage | $ | (____ miles @ $.____ per mile) |
| **Total** | $ | 45.00 |

See the following page for directions to officer making return on service of summons.

SJRC (07-24) SM60 (SMOS) *For Court Use Only:* **Document ID # 25-SMOS-912**  2 of 2 (2522-CC00372)     SCR 54.06, 54.07, 54.14, and 54.20; 506.500, 506.510 RSMo

Electronically Filed - CITY OF ST. LOUIS - April 03, 2025 - 01:24 PM