**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: VICTOR MANUEL RIBAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 4:25-cv-00570-CDP |
| v. | ) | |
| | ) | |
| MEGAN BESLER, | ) | |
| | ) | |
| Defendant. | ) | |

<u>**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**</u>

COMES NOW Defendant Megan Besler (hereinafter "Defendant"), by and through her undersigned counsel, and for her Motion to Dismiss pursuant to Fed. R. Civ. P 12(b)(6) states as follows:

**INTRODUCTION**

Plaintiff's latest lawsuit is merely an attempt to litigate claims that not only should have previously been litigated, but were released by a settlement between the parties. It is regrettable that the parties must once again appear in federal court as a result of Plaintiff's continued efforts to misuse the judicial process to antagonize and bully Defendant through an ongoing pattern of harassment -- simply because the Parties are no longer in a romantic relationship and do not like each other.

Regardless, Plaintiff's claims are barred by the doctrine of res judicata and separately fail to state plausible claims for relief. Plaintiff had a full and fair opportunity to assert the claims now raised during prior litigation but declined to do so. Furthermore, on December 11, 2024, Plaintiff and Defendant mutually entered into a confidential Memorandum of Settlement that expressly released "all claims between the parties". As such, dismissal is appropriate.

## LEGAL AUTHORITY

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations and quotations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

While a court draws all reasonable inferences in the plaintiff's favor, "the tenet that a court must accept as true all of the allegations in a complaint is inapplicable to legal conclusions." *Id*. Thus, Plaintiff's allegations must include more than "labels and conclusions" in order to "give the defendant fair notice of what ... the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007). In other words, "'naked assertion[s]' devoid of 'further factual enhancement'" and "formulaic recitation of the elements of a cause of action will not do." *Iqbal,* 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557); *see also Twombly*, 550 U.S. at 555.

## ARUGMENT & ANALYSIS

**I)    Plaintiff's Claims are Barred by Res Judicata and Should Be Dismissed.**

This lawsuit is nothing more than an impermissible attempt to litigate claims that should have been litigated previously. Plaintiff had every opportunity to assert the claims raised in the present Petition during prior proceedings but failed to do so. See *Ribas v. Besler*, No. 4:24-cv-00632-SPM (May 6, 2024). More critically, Plaintiff and Defendant voluntarily entered into a binding memorandum of settlement in which they expressly agreed to release all claims arising from the dispute. *Id*.; *See* ECF Order (Doc. 39). That agreement reflects a mutual and final resolution of all outstanding issues. Plaintiff's attempt to reassert those previously resolved claims

undermines the finality of that settlement and the integrity of the judicial process. Accordingly, this action is improper, legally unfounded, and should be dismissed.

A motion to dismiss for failure to state a claim is appropriate because res judicata and issue preclusion "are in essence defenses alleging the plaintiff has failed to state a claim upon which relief can be granted." *King General Contractors, Inc. v. Reorganized Church of Jesus Christ of Latter Day Saints*, 821 S.W.2d 495, 498 (Mo. banc 1981); citing *American Polled Hereford Ass'n v. City of Kansas City*, 626 S.W.2d 237, 241 (Mo. 1982). Res judicata, or "claim preclusion," operates as a bar to the reassertion of a cause of action that has been previously adjudicated in a proceeding between the same parties or those in privity with them. *Jordan v. Kansas City*, 929 S.W.2d 882, 885 (Mo. App. W.D. 1996). The policies supporting res judicata include: (1) reliving parties of the cost and vexation of multiple lawsuits; (2) conserving judicial resources; and (3) encouraging reliance on adjudications. *Id*. The doctrine is based upon the principle that a party should not be able to relitigate, in a second proceeding, a claim which was, or which ***should have been***, litigated in a previous proceeding. *Id*. (emphasis added); citing *Andres v. Paden, Welch, Martin & Albano, P.C.*, 897 S.W.2d 19, 21 (Mo. App. W.D. 1995).

Here, Plaintiff had every opportunity to assert the current claims in prior litigation involving the same dispute but failed to do so. Plaintiff was clearly aware of his alleged claims in the instant lawsuit long before he filed suit in his first case, *Ribas v. Besler*, No. 4:24-cv-00632-SPM, because on February 21, 2024, he sent a demand letter to Defendant outlining the facts and claims included in the instant lawsuit. Moreover, on December 11, 2024, Plaintiff and Defendant had a mediation with Judge Tom Prebil (Ret.) and mutually negotiated and agreed to a memorandum of settlement, which expressly released "all claims between the parties".

Yet, the following month, Plaintiff attempted to improperly and unilaterally revise the settlement terms to try to include a plethora of new materials terms advantageous to Plaintiff, and then proceeded to file the current lawsuit.[1] Apparently, Plaintiff was hiding the instant action in his back pocket for a later moment to further harass and bully Defendant; like trying to add pieces to a chess board after the match had already started and ended to gain an unfair and improper advantage. Plaintiff's current effort ignores the plain terms of the settlement and undermines its legality. It is vexatious and tantamount to abuse of process to have brought another lawsuit for claims that were resolved in the first lawsuit. Regardless, the claims are ones that ***should have been*** litigated previously and thus are not actionable now. As such, Plaintiff's petition should be dismissed.

### II) Plaintiff's Claims Should Be Dismissed In Their Entirety Because Plaintiff Has Not Stated Any Valid Claims Under *Iqbal* and *Twombly*.

To survive a motion to dismiss under Federal Rules of Civil Procedure 12(b)(6), a complaint must contain sufficient factual material, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, are insufficient. *Id*.; *Iqbal*, 556 U.S. at 678. The court must disregard "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertions devoid of further factual enhancement." *Twombly*, 550 U.S. at 555, 557; *Iqbal*, 556 U.S. at 678.

---

[1] The bad faith conduct of Plaintiff is further exacerbated by the fact that on the very same day (February 27, 2025) that Judge Mensah ordered the first lawsuit back to mediation (See Doc. 46), Plaintiff filed his second lawsuit. This is especially alarming given that two days earlier, on February 25, 2025, Plaintiff's counsel specifically informed the undersigned counsel that Plaintiff intended to return to mediation and resolve all claims between the parties. Yet, Plaintiff proceeded to file the instant lawsuit instead. In fact, and significantly, to date Plaintiff has failed to attempt to schedule mediation – despite multiple efforts by undersigned counsel to schedule it. Plaintiff has remained unresponsive, which necessitated the filing of this Motion to Dismiss.

In applying this well-established standard, Plaintiff's petition fails to state a viable cause of action under Missouri law for Invasion of Privacy (Intrusion Upon Seclusion), Trespass to Chattels, Conversion, Intentional Infliction of Emotional Distress, and violations of the Missouri Computer Tampering statutes, and should be dismissed.

### A) Plaintiff Fails to State a Claim for Intrusion Upon Seclusion.

Plaintiff's intrusion upon seclusion claim is fatally vague and devoid of the essential facts required to support liability. Three elements encompass the claim for unreasonable intrusion upon seclusion of another: (1) the existence of a secret and private subject matter; (2) a right in the plaintiff to keep that subject matter private; and (3) the obtaining by the defendant of information about the subject matter through unreasonable means. *St. Anthony's Med. Ctr. V. H.S.H.*, 974 S.W.2d 606, 609-10 (Mo. App. E.D. 1998). Importantly, to meet the third element, a plaintiff must show that the other party unreasonably obtained information about the claimant's private subject matter. *Id*. Here, Plaintiff does not allege Defendant unreasonably obtained Plaintiff's social media passwords and accounts through any deception, illegal activity, or other unreasonable methods. Plaintiff's complaint lacks any specificity about the alleged conduct—what was accessed, when, how, or why it rises to a level of unreasonable intrusion.

Whereas, the tort does not lie simply in accessing information, but in the manner of access. *Autobahn Specialists, Inc. v. Soc. UPS, LLC*, 6:11-CV-03196-BCW, 2012 WL 4215878, at *2 (W.D. Mo. Sept. 18, 2012) (stating "[t]he gravamen of an intrusion into seclusion claim is the manner in which the alleged private information is obtained.). Yet here, Plaintiff fails to allege just **how** Defendant obtained access to Plaintiff's various social media passwords and accounts. Instead, Plaintiff offers a conclusory allegation that at some unspecified point in 2023, Defendant accessed Plaintiff's Facebook, Instagram, and TikTok accounts. ECF No. 4 at ¶¶ 3.3, 9. No details were given about how this access was obtained, or why it was unreasonable. These are exactly the

kinds of "naked assertions devoid of 'further factual enhancement'" that the Supreme Court deemed insufficient to survive a motion to dismiss. *Twombly*, 550 U.S. at 570; *Iqbal*, 556 U.S. at 678. Accordingly, this count should be dismissed.

**B) Plaintiff Fails to Plead Trespass to Chattels.**

Plaintiff's allegations fall far short of the legal standard for trespass to chattels. Mere access or interference—without actual dispossession or meaningful deprivation—does not give rise to a claim under Missouri law. Trespass to chattels under Missouri law requires, "intentional conduct on the part of one person which interferes with the use of personal property in the possession of another without justification." *Foremost Ins. Co. v. Public Service Com'n of Missouri*, 985 S.W.2d 793, 796-97 (Mo. App. W.D. 1998). The tort is limited to interference that results in actual harm to the property or substantially impairs the plaintiff's ability to use it.

Plaintiff alleges that Defendant accessed certain social media accounts but fails to allege any facts suggesting that Plaintiff was ever "dispossessed" or otherwise wholly "deprived of the use" of those accounts. There are no assertions that the accounts were rendered inoperable or that Plaintiff lost actual access in any meaningful way. Besides these mere conclusory allegations, Plaintiff's claims amount to nothing more than a bare accusation of unauthorized access. Thus, Plaintiff's trespass to chattels claim fails and must be dismissed.

**C) Plaintiff Fails to State a Claim for Conversion.**

Plaintiff's conversion claim is legally deficient and factually unsupported. At best, Plaintiff alleges minimal and vague inferences with digital access, but this is not the kind of serious deprivation required to sustain a conversion claim under Missouri law.

Conversion occurs where there is an "unauthorized assumption of the right of ownership over the personal property of another to the exclusion of the owner's rights." *Emerick v. Mut. Benefit Life Ins. Co*., 756 S.W.2d 513, 523 (Mo. banc 1988). To prove conversion, a plaintiff must

establish the following three elements: "(1) plaintiff was the owner of the property or entitled to its possession; (2) defendant took possession of the property with the intent to exercise some control over it; and (3) defendant thereby deprived plaintiff of the right to possession." *JEP Enters., Inc. v. Wehrenberg, Inc*., 42 S.W.3d 773, 776 (Mo. App. E.D. 2001). Further, conversion requires "an intentional exercise of dominion or control over a chattel which so seriously interferes with the right of another to control it that the actor may justly be required to pay the other the full value of the chattel." *Lacks v. R. Rowland & Co., Inc*., 718 S.W.2d 513, 520 (Mo. App. E.D. 1986).

Plaintiff alleges that Defendant obtained Plaintiff's social media credentials, but Plaintiff fails to allege that Plaintiff was ever deprived of access to, or control over, those accounts. Mere access or interference, without substantial deprivation or exclusion, is not sufficient. Missouri law requires an actual denial of possessory rights, which Plaintiff has not pleaded. As such, Plaintiff has not established the third element of conversion. Therefore, Plaintiff's conversion claim should be dismissed.

### D) Plaintiff Fails to State a Claim for Intentional Infliction of Emotional Distress.

Plaintiff's claim for intentional infliction of emotional distress is both legally defective and improperly duplicative of his other tort theories. Plaintiff's petition fails to allege the essential element that Defendant acted solely to inflict emotional harm, an omission fatal under Missouri law.

In Missouri, to state a claim of intentional infliction of emotional distress, a plaintiff must plead: (1) the defendant acted intentionally or recklessly; (2) the defendant's conduct was extreme and outrageous; and (3) the conduct caused severe emotional distress resulting in bodily harm. *Diehl v. Fred Weber, Inc*., 309 S.W.3d 309, 321 (Mo. App. E.D. 2010); *Gibson v. Brewer*, 952 S.W.2d 239,249 (Mo. banc 1997); *K.G. v. R.T.R*., 918 S.W.2d 795, 799 (Mo. banc 1996). The

conduct must have been so outrageous in character and so extreme in degree that it is beyond all possible bounds of decency and is to be regarded as atrocious and utterly intolerable in a civilized community. *Diehl*, 309 S.W.3d at 321; *Gibson*, 952 S.W.2d at 249. Importantly, the conduct must have been intended ***only*** to cause extreme emotional distress to the victim. *Id*. (emphasis added). Missouri courts have held that where one's conduct amounts to the commission of a traditional tort and was not intended only to cause extreme emotional distress to the victim, the tort of intentional infliction of emotional distress will not lie and recovery must be had under the appropriate traditional tort action. *Id*.; *K.G.*, 918 S.W.2d at 799.

Here, Plaintiff makes no allegation that Defendant's conduct was intended ***only*** to cause extreme emotional distress. Instead, the petition attempts to frame Defendant's actions as part of broader conduct giving rise to other traditional torts. Accordingly, the claim for intentional infliction of emotional distress cannot be maintained as a separate cause of action alongside the other tort claims purported by Plaintiff because such a claim is duplicative. *Nazeri v. Missouri Valley College*, 860 S.W.2d 303, 316 (Mo. banc 1993) (holding "when a defendant's conduct is intended to invade other legally protected interests of the plaintiff or intended to cause bodily harm and damages for mental suffering are recoverable for those other intentional tort claims, the recovery for emotional distress, as an independent tort, is duplicative.").

Because Plaintiff has neither alleged outrageous conduct aimed solely at inflicting emotional distress nor established a distinct emotional harm outside the scope of the traditional torts pleaded, Plaintiff's IIED claim must be dismissed as duplicative and inadequately plead.

### E)  Plaintiff Fails to State a Claim for Missouri's Computer Tampering Statutes.

Plaintiff's claim for violations of the Missouri Computer Tampering Act (the "MCTA") is also conclusory and inadequate. To state a claim under the MCTA, Plaintiff must show Defendant knowingly and without authorization accessed a computer, a computer system, or a computer

network, and intentionally examined information about another person, or received, retained, used, or disclosed any data they knew or believed was obtained in violation of the Act. Mo. Rev. Stat. § 569.095. A violation of the MCTA provides a civil cause of action to the owner or lessee of electronically stored data that is improperly accessed. Mo. Rev. Stat. § 569.095.

A complaint must contain enough "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, citing *Twombly*, 550 U.S. at 556. Plaintiff's allegations are conclusory and fail to state a claim under *Iqbal* and *Twombly*. There is again no factual support for the allegation that Defendant somehow improperly accessed Plaintiff's social media accounts. The allegation that Defendant somehow obtained Plaintiff's passwords is entirely conclusory and unsupported. Such suspicions and threadbare allegations are not enough, and thus dismissal is warranted.

Additionally, Plaintiff does not establish that the data in question, the social media accounts, are covered by the MCTA. Without additional information, the Court would be required to make an inferential leap to conclude that the MCTA applies to this situation, based solely on Plaintiff's suspicion.

### III)    In the Alternative to Dismissal, This Case Should Be Ordered to Mediation to Conserve the Resources of the Court and the Parties

In the event this Court determines that dismissal is not appropriate at this stage, Defendant respectfully requests that this matter be ordered to mediation before the Honorable Tom Prebil (retired), who mediated the first case. As outlined in Section I above, and considering the extensive procedural history surrounding this dispute, mediation is not only appropriate, but necessary to promote judicial efficiency and potentially resolve issues that Plaintiff continues to raise. Mediation could serve as a more constructive forum for addressing these claims and would prevent further unnecessary expenditure of the resources of the parties and the court.

**CONCLUSION**

WHEREFORE, Defendant Besler respectfully requests this Court dismiss Plaintiff's Petition, for her costs and attorneys' fees in bringing this Motion to Dismiss, and for other such relief as this Court deems just and proper.

Dated: June 30, 2025

Respectfully submitted,

KEANE LAW LLC

By:    */s/ Ryan Keane*
       Ryan A. Keane, #62112MO
       Tanner A. Kirksey, #72882MO
       7711 Bonhomme Ave, Suite 600
       St. Louis, MO 63105
       Phone: (314) 391-4700
       Fax: (314) 244-3778
       ryan@keanelawllc.com
       tanner@keanelawllc.com

       *Attorneys for Defendant Besler*

## CERTIFICATE OF SERVICE

I hereby certify that on June 30, 2025, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to the attorneys of record.


/s/ *Ryan Keane*