UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| VICTOR MANUEL RIBAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:25 CV 570 CDP |
| | ) | |
| MEGAN BESLER, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

Plaintiff Victor Manuel Ribas brings this action against his former significant other, defendant Megan Besler, alleging that she interfered with his social media accounts without his permission.  Defendant moves to dismiss the case for failure to prosecute and for failure to comply with orders of this Court and, alternatively, for failure to state a claim.  Plaintiff has not filed any opposition to the motion.  For the reasons that follow, I will grant defendant's motion to dismiss under Federal Rule of Civil Procedure 41(b).

### Background

Two cases involving plaintiff Victor Manuel Ribas and defendant Megan Besler are currently pending in this Court:  *Ribas v. Besler*, No. 4:24 CV 632 SPM (E.D. Mo.) (*Ribas I*), which is currently pending before the Honorable Shirley P. Mensah, and this case, *Ribas v. Besler*, No. 4:25 CV 570 CDP (E.D. Mo.) (*Ribas*

*II*).  Both cases arise out of the failure of the parties' romantic relationship and their later conduct on social media platforms.  In *Ribas I*, Ribas alleges that Besler posted defamatory statements about him on Facebook.[1]  In *Ribas II*, Ribas alleges that Besler obtained access to some of his social media accounts and monitored them, deleted and blocked some of his social and professional connections, and deleted and hid posts on the accounts.  In both cases, Ribas brings only state law claims.[2]

The record in *Ribas I* shows that, in December 2024, the parties notified Judge Mensah that they had reached a settlement during mediation, but a dispute later arose regarding a certain provision of the settlement agreement.  On February 14, 2025, Ribas filed a motion to enforce settlement, asking Judge Mensah to order the parties to return to mediation to settle the final provision, and Besler consented to conferring with the same mediator.  But instead of waiting for Judge Mensah to rule on his motion to enforce settlement of the first case, Ribas filed *Ribas II* in

---

[1] I may take judicial notice of the record in *Ribas I* because it is a matter of public record and litigation closely related to this case.  *See Stahl v. U.S. Dep't of Agric.*, 327 F.3d 697, 700 (8th Cir. 2003) ("The district court may take judicial notice of public records and may thus consider them on a motion to dismiss."); *United States v. Jackson*, 640 F.2d 614, 617 (8th Cir. 1981) ("The court could take judicial notice, whether requested or not of its own records and files, and facts which are part of its public records.  Judicial notice is particularly applicable to the court's own records of prior litigation closely related to the case before it." (citation modified)).

[2] Both cases were removed to federal court based on diversity of citizenship jurisdiction.  Ribas alleges that he is a citizen of Missouri and that Besler is a citizen of Iowa.  In *Ribas I*, Ribas seeks damages in excess of $150,000, and in *Ribas II*, he seeks damages in excess of $200,000.

2

state court on February 27, 2025, and he did not notify Judge Mensah of the second lawsuit.  That same day, Judge Mensah entered a docket text order denying Ribas's motion to enforce settlement without prejudice as moot and premature, with the understanding that the parties would attempt to resolve the dispute through again conferring with the mediator.  *Ribas I* then stalled for six months when the parties failed to inform Judge Mensah that they had not returned to mediation as directed.

Meanwhile, in April 2025, Besler removed *Ribas II* to federal court.  On June 30, 2025, Besler moved to dismiss *Ribas II* as barred by *res judicata* and for failure to state a claim.  Ribas failed to file any opposition to the motion.

On August 25, I ordered the parties to show cause why this case should not be consolidated with *Ribas I*, as it was clearly a waste of judicial resources for the parties to litigate the cases separately.  While the claims in *Ribas I* are slightly different than those in *Ribas II*, both cases involve the parties' alleged conduct on social media platforms in the wake of the apparently tumultuous end of their relationship, and most of the evidence sought in discovery is likely to overlap because all of the alleged misconduct took place on the parties' social media accounts.  Besler agreed that consolidation would conserve judicial resources, eliminate duplicative proceedings, and promote efficient resolution of the issues, but Ribas objected to consolidation on September 9, asserting that the two cases

3

are "entirely distinct and do not share any common questions of law or fact."  ECF # 13 at 1.

In January 2026, Judge Mensah re-referred *Ribas I* to mediation, and because it was obvious that any mediation should consider both cases together, I referred *Ribas II* to mediation before the same mediator.  I also denied Besler's pending motion to dismiss without prejudice to being re-raised, if appropriate, after mediation.  In the order referring *Ribas II* to mediation, I specified that if the previously selected mediator declined to mediate this case, counsel for Ribas (who was designated as lead counsel) must notify the Court of that no later than January 30, 2026; otherwise, lead counsel must file the standard designation form.  I also cautioned the parties that noncompliance with any deadline in that order "may result in the imposition of sanctions to the appropriate party or parties."  ECF # 16 at 3.

Ribas's counsel failed to comply with my order, and on January 30, Besler's counsel filed a status report stating that they had attempted to communicate with Ribas's counsel about mediation multiple times via phone and email, but Ribas's counsel did not respond.  In a February 3, 2026 order noting that Ribas had failed to comply with my order and had not filed anything in this case since September 9, I ordered him to show cause in writing, no later than February 10, why the case

4

should not be dismissed with prejudice for failure to comply with the order referring this case to mediation.

Ribas again failed to comply with my order.  Instead, on February 13, he filed a motion requesting additional time to designate a neutral and file the standard designation form.  In the motion, Ribas said he anticipated that the Honorable Lawrence Prebil would be the designated neutral in this case, but he did not specify whether Judge Prebil had, in fact, agreed to mediate this case, which was the information clearly sought by my earlier order.  He also failed to provide an explanation for his failure to comply with my previous orders.

On February 19, 2026, despite Ribas's repeated noncompliance with my orders, I granted his motion for an extension of time to file the standard designation form because the interest of justice favored settlement of these related cases.  I again ordered Ribas to explain in writing why he failed to comply with my earlier orders and explicitly warned him that if he ignored the order, "sanctions will be imposed."  ECF # 21 at 2.

On February 20, Ribas filed the standard designation form, which stated that Judge Prebil had agreed to mediate the case and that mediation was set for March 6.  But counsel once again ignored my order to explain in writing why he failed to comply with my earlier orders.  On March 19, Judge Mensah and I were advised that the parties did not achieve a settlement during mediation.

5

Besler now moves to dismiss the case with prejudice under Federal Rule of Civil Procedure 41(b), arguing that Ribas filed this second lawsuit for the improper purpose of harassing her and that his failure to prosecute the case and disregard for the Court's orders and procedures have unnecessarily delayed the litigation and needlessly increased her costs and expenses. Alternatively, she moves to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Once again, plaintiff Ribas has failed to respond to the motion, and the time for doing so has passed.

## Discussion

Under Rule 41(b), a "district court has the power to dismiss a litigant's cause of action when the litigant fails to comply with the court's orders . . . or for intentional delay." *Hutchins v. A.G. Edwards & Sons, Inc.*, 116 F.3d 1256, 1259-60 (8th Cir. 1997) (citation modified). "This power enables the district courts to ensure the expeditious handling of cases and to protect the rights of opposing parties to be free of prejudice caused by a litigant's dilatory conduct." *Id.* (citing *Moore v. St. Louis Music Supply Co., Inc.*, 539 F.2d 1191, 1193 (8th Cir. 1976)). But "dismissal with prejudice is an extreme sanction that should be used only in cases of willful disobedience of a court order or where a litigant exhibits a pattern of intentional delay." *Hunt v. City of Minneapolis*, 203 F.3d 524, 527 (8th Cir. 2000) (citing *Hutchins*, 116 F.3d at 1260). "This does not mean that the

6

district court must find that the appellant acted in bad faith, but requires only that he acted intentionally as opposed to accidentally or involuntarily." *Id.* (citation modified).  The Eighth Circuit has instructed that the sanction imposed must be proportionate to plaintiff's transgressions.  *Rodgers v. Curators of Univ. of Mo.*, 135 F.3d 1216, 1219 (8th Cir. 1998) (citing *Mann v. Lewis*, 108 F.3d 145, 147 (8th Cir. 1997)).

In determining whether to dismiss this action with prejudice under Rule 41(b), I must balance the policy of giving plaintiff his day in court against the "policies of preventing undue delay, avoiding court congestion, and preserving respect for court procedures." *Omaha Indian Tribe v. Tract I-Blackbird Bend Area*, 933 F.2d 1462, 1468 (8th Cir. 1991) (per curiam) (quoting *Garrison v. Int'l Paper Co.*, 714 F.2d 757, 760 (8th Cir. 1983)).  This balancing test "focuses foremost upon the degree of egregious conduct which prompted the order of dismissal and to a lesser extent upon the adverse impact of such conduct upon both the defendant and the administration of justice in the district court." *Rodgers*, 135 F.3d at 1219 (citation modified).

Here, plaintiff Ribas has engaged in a pattern of intentional delay and willful disregard of my orders.  Despite being represented by counsel, he has demonstrated a lack of interest in prosecuting this case by consistently missing deadlines, failing to respond to either motion to dismiss, and doing nothing to

7

move this case past the pleading stage since it was removed to federal court over a year ago.  Along with plaintiff's dilatory conduct, his meritless objection to consolidation and the timing of the filing of the *Ribas II* petition and the settlement negotiations in *Ribas I* provide additional support for an inference that plaintiff's pattern of delay is deliberate.  Plaintiff's refusal to explain his failure to comply with deadlines in spite of my show cause orders does not help matters.

Indeed, plaintiff has failed to fully comply with any of my orders in this case.  His response to my first show cause order was untimely, he failed to timely comply with my order referring this case to mediation, and he has yet to provide an explanation for failing to comply with my earlier orders, despite being repeatedly ordered to do so and being expressly warned that failure to comply would result in sanctions.  Plaintiff's practice of picking and choosing which portions of my orders he wants to follow provides strong support for inferring that his noncompliance is intentional.  Given plaintiff's pattern of intentional delay and willful disregard of my orders, the policies of preventing undue delay, avoiding court congestion, and preserving respect for this Court's orders and procedures outweigh the policy of giving plaintiff his day in court.  *See Omaha Indian Tribe*, 933 F.2d at 1468. Dismissal with prejudice is therefore appropriate.  *See Hunt*, 203 F.3d at 527-28 (affirming dismissal with prejudice where plaintiff "engaged in a persistent pattern

8

of intentional delay by willfully disregarding court orders and violating the Federal

Rules").[3]

Accordingly,

**IT IS HEREBY ORDERED** that defendant Megan Besler's Motion to

Dismiss [27] is **GRANTED**, and plaintiff Victor Manuel Ribas's claims against her

are **DISMISSED** with prejudice under Rule 41(b) for failure to comply with orders

of the Court and for failure to prosecute.

A separate Judgment will be entered this same date.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 21st day of May, 2026.

---

[3] Ribas's first case (*Ribas I*) against Besler remains pending before Judge Mensah.